

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:14CR49

DANIEL L. JONES

### MEMORANDUM OPINION

Daniel L. Jones, a former[1] federal inmate proceeding pro se, submitted a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion", ECF No. 47).[2] Jones has raised one claim of ineffective assistance of counsel in his § 2255 Motion. (Id. at 3.) As relief, he asks the Court "to reduce [his] current sentence of 37 months, which is the maximum sentence under the Guidelines, to 30 months which is the lower end of the Sentencing Guidelines." (Id. at 12.)

Jones was released from the custody of the Bureau of Prisons on June 27, 2016. By Memorandum Order entered on July 19, 2016, the Court noted:

> "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." Aragon v. Shanks, 144

---

[1] Jones was released on June 27, 2016. See https://www.bop.gov/inmateloc/ (select "Find By Name;" type "Daniel" for "First;" "L." for "Middle;" and "Jones" for "Last," and then follow "Search" button; then locate the listing with Register # 84143-083).

[2] The Court employs the pagination assigned to the § 2255 Motion by the CM/ECF docketing system.

> F.3d 690, 691 (10th Cir. 1998) (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)). No cause or controversy exists unless the petitioner has suffered an actual injury that can "'be redressed by a favorable judicial decision.'" Spencer, 523 U.S. at 7 (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)). Given Jones's release from incarceration, it appears that Jones's request for relief in the form of a sentence reduction is now moot.

(ECF No. 59, at 1-2.) Accordingly, the Court ordered Jones "to show cause as to why his § 2255 Motion should not be dismissed as moot because it no longer presents a case or controversy" within twenty (20) days of the date thereof. (Id. at 2.)

Jones failed to respond to the Court's July 19, 2016 Memorandum Order. Jones has failed to state good cause for why his § 2255 Motion should not be dismissed as moot because it no longer presents a case or controversy. Accordingly, Jones's § 2255 Motion (ECF No. 47) will be dismissed as moot. Jones's Motion to Proceed In Forma Pauperis (ECF No. 48) will be dismissed as moot. The action will be dismissed. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Jones and counsel for the Government.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: September 14, 2016
Richmond, Virginia

2